IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAYLESS SHOESOURCE, INC., )
)
                 Plaintiff, )
) CIVIL ACTION
v. )
) No. 11-4144-KHV
SHOPS AT HANCOCK, LLC, )
)
                 Defendant. )
_____)

## MEMORANDUM AND ORDER

Plaintiff brings this diversity action alleging breach of contract against Shops at Hancock, LLC ("Hancock"). Plaintiff alleges that Hancock breached its obligations under a May 2003 lease for retail space in a shopping center in Clermont, Florida. This matter is before the Court on <u>Motion To Dismiss For Lack Of Personal Jurisdiction And Alternative Motion To Transfer Venue For Convenience</u> (Doc. #11) which Hancock filed on December 22, 2011. Under Rule 12(b)(2), Hancock asks the Court to dismiss the complaint for lack of personal jurisdiction, and under 28 U.S.C. § 1404(a), Hancock seeks to transfer this case to the United States District Court for the Middle District of Florida, which Hancock contends is a more convenient forum. For the reasons stated below, the Court denies the motion to dismiss and transfers the action to the United States District Court for the Middle District of Florida.

**I.  Motion To Dismiss**

Because Hancock challenges personal jurisdiction, the Court addresses its motion to dismiss before considering its transfer request.

    **A.  Legal Standards**

Rule 12(b)(2), Fed. R. Civ. P., governs motions to dismiss for lack of personal jurisdiction.

Plaintiff bears the burden of establishing personal jurisdiction and at this stage of the litigation need only make a prima facie showing. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1069-70 (10th Cir. 2008). Plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over defendant. TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd., 488 F.3d 1282, 1286 (10th Cir. 2007). To the extent they are uncontroverted, the Court must accept the well-pleaded allegations of the complaint. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). If the jurisdictional allegations are challenged by an appropriate pleading, plaintiff has the duty to support its jurisdictional allegations by competent proof of supporting facts. Pytlik v. Prof'l Res., Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989). The Court resolves any factual disputes in plaintiff's favor. Wenz, 55 F.3d at 1505.

**B. Factual Background**

Viewed in the light most favorable to plaintiff, the complaint and record evidence are summarized as follows:

This case involves a dispute regarding a commercial lease in Florida. Payless Shoesource, Inc. ("Payless") is a Missouri corporation with its principal place of business in Topeka, Kansas. Hancock is a Florida limited liability company with its principal place of business in Orlando, Florida.

Payless operates retail stores that sell shoes and related accessories. On May 23, 2001, Payless and Chester C. Fosgate Company entered into a lease for retail space in the Shops at Hancock Center in Clermont, Florida ("the lease"). Hancock is the successor-in-interest to Fosgate. The lease sets forth minimum rent for the leased Payless premises and also obligates Payless to pay a share of the common area maintenance costs ("CAM Costs"). As a deposit toward its proportionate share of CAM Costs, Payless pays Hancock monthly installments and the lease contains a formula to calculate those costs. The lease also contains a "Most Favored Nation"

provision which states that Payless is entitled to the same benefits and rights as any other shopping center tenant, including the calculation of its proportionate share of taxes, insurance and CAM costs.

Hancock has improperly calculated Payless's proportionate share of the CAM Costs, and Payless asserts upon information and belief that it has consequently paid more than its share of charges for taxes, insurance and CAM costs. Hancock has exclusive possession of the documents and information necessary to verify the charges, however, and Hancock refused to provide such information when Payless requested it. On August 3, 2011, Payless gave Hancock written notice of default under the lease. Hancock has not cured the default.

**C. Analysis**

In a federal diversity case, the law of the forum state – here, Kansas – determines the Court's jurisdiction over Hancock. Fed. R. Civ. P. 4(e); Marcus Food Co. v. DiPanfilo, No. 10-3285, 2011 WL 5084997, at *3 (10th Cir. Oct. 27, 2011). To establish jurisdiction, plaintiff must show two things: first, that the Kansas long-arm statute contemplates the exercise of jurisdiction; and second, that jurisdiction comports with the due process requirements of the Fourteenth Amendment.[1] Id. The Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, which means that the Court need not conduct a statutory analysis apart from the due

---

[1] Plaintiff asserts jurisdiction based on the following portions of the Kansas Long-Arm Statute:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the following acts, thereby submits the person and, if an individual, the individual's representative, to the jurisdiction of the courts of this state for any claim for relief arising from the act:
> (A) Transacting any business in this state; . . . [or]
> (E) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state; . . .

K.S.A. § 60-308(b).

-3-

process analysis. Id.; Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1159 (10th Cir. 2010).

The due process analysis is two-fold. First, plaintiff must show that Hancock has "minimum contacts" with Kansas by demonstrating that it "purposefully availed" itself of the protections or benefits of the state's laws and "should reasonably anticipate being haled into court []here." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-76 (1985); see also Employers Mut. Cas. Co., 618 F.3d at 1159-60 (reiterating Burger King standard). Plaintiff can meet this standard by demonstrating either specific or general jurisdiction. OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1090-91 (10th Cir. 1998). The Court may exercise specific personal jurisdiction if this case arises directly from or relates to Hancock's Kansas-related activities. Id. at 1091. It may exercise general personal jurisdiction if Hancock otherwise maintains "continuous and systematic" general business contacts with Kansas. Id.

Then, if Hancock has the requisite minimum contacts with Kansas, the Court proceeds to the second step in the due process analysis: ensuring that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). At this stage, the burden shifts to Hancock to present a compelling case that other considerations would render jurisdiction unreasonable. See Dudnikov, 514 F.3d at 1080. This prong evokes a sliding scale: the weaker plaintiff's showing on minimum contacts, the less Hancock needs to show in terms of unreasonableness. TH Agric. & Nutrition, LLC, 488 F.3d at 1292. Here, Payless does not specify which type of jurisdiction it invokes, but the facts suggest that it would argue for specific personal jurisdiction, as Hancock's only alleged contacts with Kansas pertain to the lease.

### 1. Minimum Contacts

Plaintiff claims that Hancock is subject to personal jurisdiction under the Kansas long-arm

statute because it: (A) transacted business in this state; and (E) entered into a contract with a resident of this state to be performed in whole or in part by either party in this state. See K.S.A. § 60-308(b)(1). Plaintiff cites the following evidence to support jurisdiction: Hancock (1) communicated with Payless in Kansas through written correspondence, facsimile, telephone and email (including sending notices under the lease to Payless headquarters in Topeka), and issued invoices to and received payments that were authorized, processed and/or transmitted from Kansas; (2) Fosgate, Hancock's predecessor-in-interest, negotiated the lease with a resident of Kansas and Payless executed the lease in Kansas; and (3) Hancock was aware that Payless was a resident of Kansas.

Hancock argues that it is not subject to personal jurisdiction because (1) the contract at issue is a simple lease for commercial space performed in Florida, with little or no intervention from the Payless headquarters in Kansas; (2) the lease is governed by Florida law, thus showing that Hancock did not seek the protection of Kansas law; (3) the record contains no evidence that Hancock reached out to Payless for the opportunity to lease it some space; (4) Hancock's manager and sole member, Karam Duggal, is not licensed to do business in Kansas, has no property or bank accounts in Kansas, has never traveled to Kansas and has not sent any goods or performed any services for anyone in Kansas; and (5) the only contact between Hancock and Kansas, other than sporadic communications, consisted of the invoices which Hancock sent to Payless and the payments which Payless sent to Hancock.

The Kansas long-arm statute extends its reach to those who "enter[] into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state." K.S.A. § 60-308(b)(1)(E). Payless is a resident of Kansas. It has made lease payments from Kansas and has corresponded with Hancock about the lease from its offices in Kansas. Payless thus asserts facts demonstrating that Hancock has committed acts which subject it to personal jurisdiction under the Kansas long-arm statute.

### 2. Fair Play and Substantial Justice

"If the defendant has minimum contacts with the forum state, we must still determine whether exercising personal jurisdiction would offend traditional notions of fair play and substantial justice." Employers Mut. Cas. Co., 618 F.3d at 1161 (internal citation omitted). Hancock has no ties to Kansas. It owns no property, is not licensed to do business, has no bank account and has not performed services in Kansas. This lease is the only link to any entity in Kansas. As the Tenth Circuit has recognized, a contract with an out-of-state party cannot, standing alone, establish sufficient minimum contacts with the forum state. Rather, the contract plaintiff relies upon to establish minimum contacts must have a substantial connection with the forum state, and the mere presence of one party to the contract within the forum state is insufficient to confer jurisdiction. Th Agric. & Nutrition, LLC, 488 F.3d at 1287-88. Hancock's contact with Payless was limited to receiving payments and exchanging sporadic communications about the lease of the Florida property. The focus in analyzing personal jurisdiction must be on defendant's relevant contacts with the forum state, and not on defendant's contacts with a resident of the forum. Trujillo v. Williams, 465 F.3d 1210, 1219 (10th Cir. 2006).

This complaint is one of a pair that Payless filed the same day, both containing claims for breach of contract and declaratory judgment arising out of separate lessors' allegedly faulty calculations of CAM costs in leases for retail space. See Payless Shoesource, Inc. v. Diana Joye, as Trustee of The Dena Trust, et al., No. 11-4145 (D. Kan. filed Oct. 19, 2011) ("Dena"). The complaint in Dena concerns retail space that Payless leased in California from a California resident. Payless sued a trust that was the successor-in-interest to the original signatory to the shopping center lease, and the trustee of that trust. The relevant lease provisions are similar and the two complaints are virtually identical.

The Dena defendants filed a motion to dismiss for lack of personal jurisdiction and improper

venue or, in the alternative, to transfer. Judge Murguia denied the motion to dismiss and transferred the case to the Eastern District of California. Payless Shoesource, Inc. v. Diane Joye, as Trustee of The Dena Trust, et al., No. 11-4145, 2012 WL 646024 (D. Kan. Feb. 27, 2012).[2] Judge Murguia reviewed the evidence and concluded that defendants in Dena did not have sufficient minimum contacts with Kansas. The trustee resides in California, the property is located in California, and Payless's lease payments and the billing statements and communications all relate to the California property. Defendants did not solicit business in Kansas, the trustee was never physically present in Kansas and California law was designated in the lease's choice of law provision. Although the lease designated a Kansas address for all Payless notices and payments, the lease allowed Payless to change that designation, thereby indicating that the location in Kansas was not relevant to the lease performance.[3] Finally, Judge Murguia concluded that Payless's processing or transmitting of rent payments from Kansas was not material to its performance under the lease, as Payless was obligated to pay rent but it did not matter where the payments originated.

Although this Court concludes that the Kansas long-arm statute applies to Hancock because it entered into a contract with a resident of Kansas to be performed in part in Kansas, the Court also

---

[2] Where a court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, the correct course is to transfer the action pursuant to 28 U.S. C. § 1631, which provides as follows:

> Whenever a civil action is filed . . . and [the] court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed. . . .

Trujillo v. Williams, 465 F.3d 1210, 1223 (10th Cir. 2006); accord Diaz-Oropeza v. Riverside Red X, Inc., No. 11-2012, 2011 WL 2580167, at *5 (D. Kan. June 28, 2011); Capitol Fed. Sav. Bank v. E. Bank Corp., 493 F. Supp. 2d 1150, 1165 (D. Kan. 2007).

[3] The Hancock lease contains the same provision whereby Payless may change the address to which Hancock is to send notices.

determines that exercising personal jurisdiction over Hancock would offend traditional notions of fair play and substantial justice. The evidence in this case reveals that Hancock does not have sufficient minimum contacts with Kansas to demonstrate that it "purposely availed" itself of the protections or benefits of the state's laws and "should reasonably anticipate being haled into court [ ] here." Burger King, 471 U.S. at 473-76.

## II. Motion To Transfer

Under 28 U.S.C. § 1404(a), Hancock asks the Court to transfer this case to the United States District Court for the Middle District of Florida. Plaintiff opposes Hancock's motion but does not dispute that the Middle District of Florida would be a legally proper venue for this action. However, because this Court has determined that it lacks personal jurisdiction over Hancock, 28 U.S.C. § 1631 controls the dismissal or transfer of this case.[4] Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006) ("[A]fter the enactment of § 1631, where the court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, '[t]he correct course . . . [is] to transfer the action pursuant to [ § 1631].'") (internal citation omitted).

The factors courts consider in deciding whether to dismiss or transfer a case under Section 1631 include the following: (1) whether the action would be time-barred; (2) whether the claims likely have merit; and (3) whether plaintiff filed the action in good faith or after plaintiff realized (or should have realized) that the chosen forum was improper. Trujillo, 465 F.3d at n.16 (internal citations omitted). Although the Court cannot determine whether plaintiff's action would be time-barred, plaintiff should not have to take that risk. Based on the complaint, it does not appear that plaintiff's claims are without merit. And plaintiff undoubtedly filed this action in good faith, as it

---

[4] Hancock need not have moved for transfer under Section 1631 for the Court to consider such a ruling. This Court may sua sponte cure jurisdictional defects by transferring a suit under that statute. Trujillo, 465 F.3d at 1222.

is urging this Court to exercise personal jurisdiction over Hancock and keep the case.  Thus, no factor argues in favor of dismissal.

Moreover, if this Court were deciding whether to transfer this case under Section 1404, several factors favor transfer to the Middle District of Florida.  Hancock is a Florida corporation and Karam Duggal – Hancock's principal, sole manager and only employee – resides in Florida.  The property is located in Florida, the alleged breach occurred in Florida and, as Payless pleads in its complaint, all of the documents and information necessary to verify the CAM charges are located in Florida.  On balance, the Court finds that the relevant factors weigh in favor of transfer.

**IT IS THEREFORE ORDERED** that the <u>Motion To Dismiss For Lack Of Personal Jurisdiction And Alternative Motion To Transfer Venue For Convenience</u> (Doc. #11) filed by Hancock on December 22, 2011, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that this action be transferred to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1631.  The Clerk of this Court is directed to transfer this matter to the United States District Court for the Middle District of Florida.

Dated this 18th day of April, 2012 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge